UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| RANDY NEVER MISSES A SHOT,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | 3:16-CV-03017-RAL<br><br><br>ORDER SCREENING AND DISMISSING<br>§ 2255 MOTION |

On April 22, 2016, Randy Never Misses A Shot filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence. Doc. 1. In the motion, Never Misses A Shot set forth two grounds for relief, which with supporting facts are in their entirety:

> GROUND ONE: Ineffective assistance of counsel, in failing to file pretrial motion to dismiss on lack of jurisdiction grounds.
> (a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): There is no evidence in record that counsel attempted to challenge the court's subject-matter and personal jurisdiction.
>
> GROUND TWO: The "judicial Power" of the United States does not reach "Cases" that are criminal in nature.
> (a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): The strict construction of Article III, § 2, contains no express reach to "Cases" that are criminal in nature, and the Constitution must be amended before Congress may vest the district courts with subject-matter jurisdiction over my offenses, and the lack of such power is an estoppel against the Federal Government.

Doc. 1. This Court has conducted the required preliminary review under Rule 4 of the Rules Governing Section 2255 Proceedings, and "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that [Never Misses A Shot] is not entitled to relief." Thus the §

1

2255 motion is dismissed under 28 U.S.C. § 2255(b) and Rule 4 of the Rules Governing Section 2255 Proceedings.

The facts surrounding the conviction of Never Misses A Shot are set forth in United States v. Never Misses A Shot, 781 F.3d 1017 (8th Cir. 2015), and need not be repeated at length here in order to address the two grounds in the § 2255 motion. In brief, Never Misses A Shot was indicted, pleaded not guilty, had a jury trial, and was found guilty on two counts of aggravated sexual abuse of a child, two counts of sexual contact with a child, and one count of abusive sexual contact while registered as a sex offender. There were three different minor victims on the five counts. There also were six other witnesses who testified at trial that Never Misses A Shot had sexually assaulted them in similar ways. This Court sentenced Never Misses A Shot to the equivalent of 444 months in prison. The Eighth Circuit affirmed his conviction and sentence on March 31, 2015. Never Misses A Shot timely filed his § 2255 motion within one year of when his time to petition for certiorari ran.

Never Misses A Shot in ground one of his § 2255 motion asserts ineffective assistance of trial counsel in failing to file a motion to dismiss for lack of jurisdiction. Doc. 1. Ineffective-assistance-of-counsel claims are governed by the test articulated in Strickland v. Washington, 466 U.S. 668 (1984); see also United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996). An ineffective-assistance claim has two elements: a showing that counsel's performance was constitutionally deficient; and a showing that the defendant was prejudiced by this deficiency. Strickland, 466 U.S. at 687.

To demonstrate deficient performance, Never Misses A Shot must show that "counsel's representation fell below an objective standard of reasonableness." Id. at 688. This standard is "highly deferential," and courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. Never Misses A Shot has the burden of demonstrating that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687.

2

To establish prejudice, Never Misses A Shot must demonstrate a "reasonable probability" that, but for his attorney's deficient performance, the outcome of his trial would have been different. Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

Never Misses A Shot's only assertion of ineffective assistance of counsel relates to trial counsel's "failing to file pretrial motion to dismiss on lack of jurisdiction grounds." If such a motion to dismiss was futile, trial counsel's performance obviously is not deficient and Never Misses A Shot equally obviously suffered no prejudice. Never Misses A Shot's second and only other ground for relief in his § 2255 motion is his challenge to federal criminal jurisdiction. Such a challenge to federal criminal jurisdiction is baseless, so Never Misses A Shot's ineffective assistance of counsel claim likewise fails.

Never Misses A Shot believes that Article III, § 2 of the United States Constitution does not extend federal court jurisdiction to criminal cases and that the Constitution would have to be amended to vest any criminal jurisdiction over in federal district courts. Doc. 1. Never Misses A Shot is mistaken in this belief. Article III, § 2 extends federal judicial power "to all Cases, in Law and Equity, arising under this Constitution, [and] the Laws of the United States . . . ." Article III, § 2, clearly contemplates criminal jurisdiction in federal courts by continuing: "The Trial of all Crimes, except in Cases of Impeachment, shall be by Jury; and such Trial shall be held in the State where the said Crime shall have been committed . . . ." Article I, § 8 of the Constitution of course vests broad legislative authority in Congress, including the power "[t]o regulate Commerce with foreign Nations, and among the several States, and with the Indian tribes," and "[t]o make all Laws which shall be necessary and proper for carrying into Execution the foregoing Powers, and all other Powers vested by this Constitution in the Government of the United States." Portions of the Bill of Rights—the Fourth Amendment, Fifth Amendment, Sixth Amendment, and Eighth Amendment—were designed

to protect defendants in federal court criminal prosecutions, making it all the more obvious that the Constitution extends federal judicial power to criminal cases.

As related to federal jurisdiction over Never Misses A Shot and his crimes, the Government charged crimes under 18 U.S.C. §§ 1153, 2241(c), 2246(2), 2244(a), and 2260A. Section 1153 of Title 18 is known as the Major Crimes Act and extends federal criminal jurisdiction over certain listed crimes, including "a felony under chapter 109A." 18 U.S.C. 1153. Chapter 109A outlaws sexual abuse in federal enclaves and contains 18 U.S.C. § 2241 through § 2248, the statutes defining the crimes of aggravated sexual abuse and sexual contact with a child on which Never Misses A Shot was charged and convicted. The Supreme Court of the United States initially upheld the constitutionality of the Major Crimes Act in 1886, and it has consistently been upheld since. United States v. Kagama, 118 U.S. 375 (1886); see also United States v. Antelope, 430 U.S. 641 (1977). Never Misses A Shot stipulated that he is an "Indian" and that the places where the alleged crimes occurred were in "Indian country," so application of § 1153 to provide federal criminal jurisdiction over Never Misses A Shot and his crimes has never been in question.

Filing a motion to dismiss the indictment for lack of jurisdiction would have been futile, so trial counsel's failure to do so was neither deficient performance nor prejudicial to Never Misses A Shot. It plainly appears that Never Misses A Shot's § 2255 motion fails to set forth a ground entitling him to relief. Therefore, it is hereby

ORDERED that the § 2255 motion be and is dismissed on initial screening under 28 U.S.C. § 2255(b) and Rule 4 of the Rules Governing Section 2255 Proceedings.

DATED this 8th day of June, 2016.

BY THE COURT:

[signature]
ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE